SIMONE BERTOLLINI
Attorney ID: NJ046
609 Franklin Ave
Nutley, NJ 07110
Tel: (973) 750-8922
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HAOTIAN SUN, <br> A# 206205930 <br> 1622 Ashland Ave, Baltimore MD 21205 <br><br> Plaintiff, <br> v. <br><br> UR M. JADDOU, <br> 111 Massachusetts Ave, <br> Washington, DC 20529; <br> ELIZABETH D. GRANT, <br> 3701 Koppers St, Baltimore, MD 20598; <br><br> Defendants. | Case No. 1:24-cv-2882 <br><br> **COMPLAINT** |

Plaintiff, HAOTIAN SUN, is a citizen of China that filed an I-485 application for adjustment of status in May 2018. In September 2022, USCIS denied the I-485 before the time to respond to a Request for Evidence lapsed. Later, Plaintiff file an I-290B motion to reconsider. In September 2024, USCIS denied the I-290B claiming that it had not been filed on time, even though the agency had provided an additional 60-day period to respond to requests for evidence or seek reconsideration of a decision. USCIS simply refused to adjudicate Plaintiff's application on the merits. This appeal followed.

## JURISDICTION

This action arises under the United States Constitution and the statutes of the United States, including the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201 and 2202 (declaratory relief) and may review Defendants' actions or omissions under the APA, 5 U.S.C. § 555, 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361.

## VENUE

Venue is properly laid in the District of Columbia under 28 U.S.C. § 1391(e), because it is a judicial district wherein a defendant in the action resides.

## PARTIES

Plaintiff, HAOTIAN SUN ("Mr. Sun"), a citizen of China, residing at 1622 Ashland Ave, Baltimore, MD 21205.

Defendant, UR M. JADDOU, the Director of the U.S. Citizenship and Immigration Services, residing at 111 Massachusetts Ave., Washington, DC 20529, which is responsible for the overall oversight of the agency and to oversee, interpret, and enforce the INA.

ELIZABETH D. GRANT, the Director of the U.S. Citizenship and Immigration Services, Baltimore Field Office, residing at 3701 Koppers St, Baltimore, MD 20598,

which is ultimately responsible for the adjudication of applications for adjustment of status pending with the Baltimore Field Office.

## STATEMENT OF FACTS

1. Mr. Sun is a citizen of China that first entered the United States on a J-2 Visa on or about July 2007.

2. Mr. Sun later obtained F-1 student status and earned a bachelor's degree in 2015.

3. Mr. Sun is the beneficiary of an approved I-130 Petition for Alien Relative filed by his mother, a U.S. citizen.

4. Mr. Sun remained in valid F-1 status until he was able to file an adjustment of status application.

5. On May 16, 2018, Mr. Sun filed an I-485 application for adjustment of status with USCIS based on the approved I-130 petition.

6. On May 4, 2022, the USCIS, Baltimore Field Office, issued a Request for Evidence ("RFE") in connection to the pending I-485, seeking information and documentary evidence related to a criminal arrest, and directing Mr. Sun to respond on or before August 1, 2022.

7. On July 25, 2022, USCIS announced the extension of certain COVID-19-related flexibilities through Oct. 23, 2022, to assist applicants, petitioners, and requestors, stating that "[U]nder these flexibilities, USCIS considers a

       response received within 60 calendar days after the due date set forth in the following requests or notices before taking any action, if the request or notice was issued between March 1, 2020, and Oct. 23, 2022, inclusive: Requests for Evidence [ . . . ][1]

8. Under the same policy, USCIS stated that they will consider a Form I-290B, Notice of Appeal or Motion, if the form was filed up to 90 calendar days from the issuance of a decision they made, and the decision was made between Nov. 1, 2021, and Oct. 23, 2022.

9. On September 28, 2022, before the extended deadline to respond to the RFE expired, the USCIS, Baltimore Field Office, denied the I-485 application.

10. By September 28, 2022, Mr. Sun's criminal case was still pending.

11. On September 30, 2022, Mr. Sun timely submitted an RFE response to the Baltimore Field Office.

12. On November 3, 2022, Mr. Sun filed an I-290B motion to reconsider with USCIS.

13. On September 24, 2024, the USCIS, Baltimore Field Office, denied Form I-290B stating that it had not been filed on time.

14. USCIS arbitrarily ignored their own July 25, 2022, policy allowing applicants and petitioners an additional 60 calendar days to submit their requests.

---

[1] See https://www.uscis.gov/newsroom/alerts/uscis-extends-covid-19-related-flexibilities

15. USCIS arbitrarily refused to make a good-faith adjudication of Mr. Sun's application for adjustment of status.

16. USCIS has a mandatory, non-discretionary duty to adjudicate applications and petition in good faith.

17. USCIS arbitrarily foreclosed Mr. Sun an opportunity to apply for an I-601 waiver of inadmissibility.

18. Mr. Sun is statutorily eligible to apply for an I-601 waiver of inadmissibility because he has an approved I-130 petition and a "qualifying relative" that will suffer extreme and unusual hardship if he were to be deported to China.

19. The arbitrary denial of both the I-485 application and the subsequent I-290B motion to reconsider leaves Mr. Sun without legal status, and at risk of being taken into custody by the Immigration and Customs Enforcement before or after serving his criminal sentence.

## EXHAUSTION OF REMEDIES

20. Plaintiff has exhausted the administrative remedies to the extent required by law and his only remedy is by way of this judicial action.

## EQUAL ACCESS TO JUSTICE ACT

21. If he prevails, Plaintiff will seek attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## CLAIMS FOR RELIEF

## COUNT ONE

Arbitrary and Capricious Agency Decision
(5 U.S.C. § 706)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above as if set forth here in full.

23. Under the Administrative Procedure Act, a federal court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

24. The I-485 denial decision was arbitrary and capricious because it was issued before the time to respond to the RFE expired.

25. The I-485 denial decision was arbitrary and capricious because Mr. Sun's criminal case was still pending when USCIS issued it.

26. The I-485 denial decision was arbitrary and capricious because Mr. Sun has not been afforded an opportunity to file an I-601 waiver of inadmissibility.

27. The I-485 denial decision is not the product of agency expertise.

28. The I-290B motion to reconsider was timely filed pursuant to the COVID-related flexibility policy issued by USCIS on July 25, 2022.

29. The I-290B denial decision was arbitrary and capricious because USCIS willfully ignored its own July 25, 2022, policy.

30. The I-290B denial decision is not the product of agency expertise.

## COUNT TWO
Due Process violation
(U.S. Const. amend. V)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 above as if set forth here in full.

32. The I-485 and I-290B denial decisions leave Mr. Liu without legal status and at risk of being deprived of his liberty without Due Process of law.

33. The I-485 and I-290B denial decisions deprive Mr. Lui of his liberty interests without being afforded an opportunity to be heard.

## COUNT THREE
Equitable Estoppel

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above as if set forth here in full.

35. USCIS should be estopped from denying Mr. Sun's I-485 application on late filing grounds.

36. By issuing the COVID-19-related Flexibilities policy dated July 25, 2022, USCIS made a material misrepresentation to Mr. Liu about the timeframe allowed to him to respond to the RFE.

37. Mr. Liu reasonably relied on the July 25, 2022, policy memorandum while preparing his RFE response.

38. The USCIS engaged in serious affirmative misconduct.

39. Mr. Liu will be prejudiced if his I-485 application is not adjudicated on the merits and he is not allowed to apply for an I-601 waiver of inadmissibility.

## COUNT FOUR
Writ of Mandamus
(28 U.S.C. § 1361)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 above as if set forth here in full.

41. The Mandamus Act, 28 U.S.C. § 1361, provides that District Courts shall have jurisdiction over any action in the nature of mandamus and may compel an officer or employee of the United States or any agency thereof to perform a duty owed to a petitioner.

42. Plaintiff's claims as set forth in paragraphs 1 through 39 above qualify for mandamus relief because the statutory and Constitutional claims are clear, Defendants' duties are not in doubt, and no other adequate legal remedy is available.

## COUNT FIVE
Declaratory Judgment
(28 U.S.C. § 2201)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 above as if set forth here in full.

44. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, provides the Court with the authority to declare the rights and other legal relations of any party.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, HAOTIAN SUN, prays that this Court grant the following relief:

a) Assume jurisdiction over this matter;

b) Declare that Defendants' actions violated the APA and Plaintiff's rights under the INA, the Code of Federal Regulations, and the U.S. Constitution;

c) Hold unlawful and set aside the I-485 denial decision pursuant to 5 U.S.C. § 706(2);

d) Hold unlawful and set aside the I-290B denial decision pursuant to 5 U.S.C. § 706(2);

e) Issue a Writ of Mandamus compelling USCIS to reopen and adjudicate Plaintiff's I-485 application for adjustment of status on the merits;

f) Award Plaintiff reasonable costs and attorneys' fees; and

g) Grant any other and further relief which this Court deems just and proper.

Dated: October 10, 2024

Respectfully submitted,

s/ *Simone Bertollini*
SIMONE BERTOLLINI, ESQ.
Attorney ID: NJ046
609 Franklin Ave
Nutley, NJ 07110
Tel: (973) 750-8922
simone.bertollini@gmail.com
*Attorney for Plaintiff*